Eastern District of Kentucky
FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
Lexington Division
Case No. _05-466 JMH_

NOV 0 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

SARAH BROWN CLEMENTS                                      PLAINTIFF

vs.

## COMPLAINT

EASTERN KENTUCKY UNIVERSITY, a corporate
body, Joanne K. Glasser, President of Eastern
Kentucky University; James Chapman, Provost
and Academic Vice-President EKU; Elizabeth Wachtel,
Interim Dean EKU Graduate School; and Martin Diebold,
Acting Chair, Department of Special Education, EKU,
each in their official capacity                          DEFENDANT

** ** ** ** ** ** ** **

The plaintiff, Sarah Brown Clements, states as follows for her cause of action
herein:

### JURISDICTION

1.      This action arises pursuant to 42 U.S.C. § 1983, and the fourteenth
amendment to the United States Constitution. The jurisdiction of this Court over the
claims arising under 42 U.S.C § 1983 is founded on 28 U.S.C. § 1331 and § 1343 (a) (3).
Pendent jurisdiction is invoked for any cause of action herein arising under the laws of
the Commonwealth of Kentucky.

### PARTIES

2.      The plaintiff, Sarah Brown Clements, is presently a resident of the State of
Virginia. She was a student at Eastern Kentucky University in Madison County,
Kentucky from September, 1998 through July, 2004. While at Eastern she obtained a

Bachelor's degree in 2002 and was admitted to a graduate program for a Master of Arts in Education – Communication Disorders degree in the Fall of 2002 and successfully completed all courses required for receiving a Masters of Arts degree as a prerequisite to becoming licensed as a Speech Pathologist.

      3.      Defendant, Eastern Kentucky University (EKU) located in Madison County, Kentucky, is a public institution of post secondary education created by, financially supported by, and under the control of, the Commonwealth of Kentucky. Said defendant is a corporate entity pursuant to KRS 164.350 and may be sued as such.

      4.      Defendant, Joanne K. Glasser, is the President of EKU and the Chief Executive Officer of that University.

      5.      Defendant, James Chapman is the Provost and Academic Vice-President of EKU.

      6.      Defendant, Elizabeth Wachtel, is the Interim Dean of the Graduate School at EKU.

      7.      Defendant, Martin Diebold, is the acting chair of the Department of Special Education, College of Education at EKU. He was a member of the panel that conducted the oral exam of Plaintiff and was responsible for the composition of said panel.

      8.      All individual defendants named herein are joined in their official capacity only.

FACTS

      9.      By the summer of 2004 plaintiff, Sarah Brown Clements, had successfully completed all the required class work as a graduate student at EKU required to obtain a

2

Masters Degree in Education – Speech Disorders with a grade point average of 3.31 on a scale of 1 through 4.

10.    EKU further required Plaintiff to pass an oral examination in order to be awarded a Masters degree in the Communication Disorders field. On July 7, 2004 Plaintiff sat for an oral exam before two professors and was told she received a grade of 2.9 and that 3.0 was required to pass.

11.    Although initially resisting Plaintiff request for another oral exam, the Communications Disorders Department of EKU decided not to record the results of the first oral exam and scheduled a second oral exam for the plaintiff before the same two professors and defendant, Martin Diebold, the acting head of the Department. That exam was held on July 14, 2004 and Plaintiff was advised she had received a grade of 2.29 and had failed.

12.    Plaintiff believes she did well on this oral exam, but since the questions posed by the panel or her answers to those question were not recorded there is no objective way to judge her performance or the fairness of the grade she received.

13.    Plaintiff timely appealed to the appropriate officials of EKU for an oral exam given by an unbiased panel that did not include any of the persons who had administered the first two oral exams. The responsible officials for EKU, over-ruling the resistance of defendant, Martin Diebold, the acting Department Head,  and the other two professors who had participated in the July oral exam, directed another oral exam for Plaintiff be conducted by the same three persons who had conducted the oral exam on July 14, 2004.

3

14.     Pursuant to the afore mentioned decision Plaintiff sat for another oral exam on November 5, 2004 before the same panel who had previously conducted her oral exam and was again told that she did not pass.

15.     Although Plaintiff has continued since July 14,2004 and November 5, 2004 to request an oral exam before an impartial and unbiased panel of qualified examiners, EKU through its officers and employees, has refused to grant her request.

16.     The members of the panel who conducted the oral exams for Plaintiff, described above, had demonstrated animosity and bias toward Plaintiff and should have been disqualified from sitting on such panels, and this was especially true of the oral exam of November 5, 2004.

17.     Plaintiff was entitled to an unbiased and impartial panel for her oral exam and the failure of EKU, acting through the other defendants named herein, to provide such a panel arbitrarily and capriciously caused Plaintiff to be denied a Master's Degree in Education – Communication Disorders from EKU, and consequentially the opportunity to be licensed as a Speech Pathologist.

18.     The actions of defendants complained of herein were actions, or failures to act where action was required, taken under color of state law.

19.     As a direct result of the refusal of EKU to award Plaintiff the Master's Degree described above, Plaintiff has been unable to obtain a license to become a Speech Pathologist, even though she has successfully taken and passed the National exam for said license and is, but for the lack of said Master's Degree, eligible for such license.

20.     Plaintiff's failure to have such license has and will in the future prevent her from pursuing a career as a Speech Pathologist, and has and will cause her to suffer

4

loss of income from being unable to work as a Speech Pathologist, in an amount yet to be determined.

## CAUSES OF ACTION

21.     The failure of the Defendants to establish objective standards for measuring and determining the academic fitness of Plaintiff to be award a Master's Degree; and the failure of Defendants to provide Plaintiff an oral exam before an objective and unbiased panel arbitrarily and capriciously deprived her of a valuable right for which she had contracted with EKU, in violation of her right to both substantial and procedural due process and the equal protection of law guaranteed to her under the Fourteenth Amendment to the Constitution of the United States; and was therefore in violation of Title 42 U.S.C. § 1983, and Section 2 of the Constitution of the Commonwealth of Kentucky.

22.     The unreasonable refusal to provide Plaintiff with a reasonable opportunity to set for her oral exam before an impartial and unbiased panel was a breach of her contract with EKU under the law of Kentucky.

WHEREFORE, Plaintiff prays that the Defendants be enjoined to provide Plaintiff a reasonable opportunity to repeat the oral exam needed to obtain her Master's Degree before a panel of qualified examiners who are neutral and unbiased; or that Defendants be ordered to otherwise devise  a fair, equitable and objective way of measuring Plaintiff's fitness to receive a Master's Degree from EKU; that Defendant, EKU be ordered to reimburse Plaintiff for loss of income caused by the unreasonable withholding of Plaintiff's Master's Degree; that Plaintiff recover from Defendant, EKU

the cost of this action; pursuant to 42 U.S.C. § 1988; and that Plaintiff have any and all other relief to which she may appear entitled.

Brooks, McComb, Fields & Ruble

by _____

Arthur L. Brooks
318 E. Main St., Suite 310
Lexington, Kentucky 40507
Phone: (859) 233-3366
Fax: (859) 253-0770

Richard L. Frymire
Frymire, Evans, Peyton,
Teague & Cartwright
PO Box 695
One South Main Street, Third Fl.
Madisonville, KY 42431-0695
ATTORNEYS FOR PLAINTIFF

6